UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOWAFAK SHAHLA,

    Petitioner,

v.    Case No. 3:25-cv-1404-MMH-SJH

SCOTTY RHODEN, et al.,

    Respondents.

_____

**TEMPORARY RESTRAINING ORDER**

Petitioner Mowafak Shahla initiated this action, through counsel, by filing a pro se Petition for Writ of Habeas Corpus (Doc. 2; Petition). Shahla is currently being detained at the Baker County Detention Center by U.S. Immigration and Customs Enforcement (ICE). Shahla contends that despite being "issued deferred action," and although he "is neither a flight risk nor a danger to the community," ICE detained him "without notice or opportunity to be heard, on the decision of an individual without authority to do so, without findings required by law, and in violation of agency rules." Id. at 1-2.

According to Shahla, he came to the United States from Syria in 1989 when he was nineteen years old. Petition at 4. He "obtained lawful permanent residence through his marriage to a United States citizen" and so remained for thirteen years. Id. However, in 1997, Shahla "was convicted of one count of

Unauthorized Use or Transfer of Food Stamps" and "one count of Bank Fraud," for which he was sentenced to five months incarceration and three years of supervised release. Id. at 4-5. Based on his criminal convictions, he "was placed in removal proceedings in 1997," but "he was granted a 212(h) waiver and was able to adjust his status to that of a Lawful Permanent Resident on April 30, 2002[,] based on the marriage to a U.S. citizen." Id. at 5. On April 26, 2011, the United States charged Shahla "with Conspiracy to Defraud the United States and two counts of Unlawful Procurement and/or Attempt to Procure Naturalization and Citizenship related to conduct that occurred in 2009." Id. In May 2013, Shahla was adjudicated guilty and sentenced "to one year and one day on each count to run concurrently." Id.

Following those convictions, "[o]n June 30, 2014, [Shahla] was placed in removal proceedings and he was ordered removed on December 1, 2014." Id. at 6. Nevertheless, ICE could not obtain travel documents from Syria, so it released Shahla on an order of supervision (OSUP). Id. "On February 17, 2017, [Shahla] filed Form I-918, Petition for U Nonimmigrant status based on his cooperation with law enforcement as the victim and witness of a [2007 carjacking]." Id. "[T]he United States Citizenship and Immigration Service (USCIS) granted [Shahla] deferred action and employment authorization" on March 22, 2022. Id. To date, however, Shahla "has not received a decision on

2

his Form I-918," although "USCIS is adjudicating cases filed during the time frame when [Shahla] filed his Form I-918." Id.

Shahla "appeared for his latest OSUP appointment at ICE's immigration office" on May 19, 2025. Id. at 7. ICE did not revoke his OSUP and provided him with "a future check-in date of May 19, 2026." Id. Then, on November 12, 2025, ICE agents arrested and detained Shahla "without notice." Id. Shahla does not have pending criminal charges, was in compliance with his OSUP, and "was not made aware of any changed circumstances which led to the arrest." Id.

Shahla "has significant health issues related to cardiovascular disease." Id. In April and May 2025, Shahla had stents placed in his arteries, and he "requires regular medication and blood pressure monitoring." Id. Further, he "suffers from severe sleep apnea and requires the use of a CPAP machine." Id.

According to the Petition, Shahla "has complied with the conditions" of his OSUP, and "[n]o circumstances have changed that make [him] a flight risk or danger to the community." Id. at 7-8. And no agency has provided him with any "notice that his deferred action has been terminated or revoked." Id. at 8.

Based on these allegations, Shahla raises the following claims. First, he asserts that his detention violates his substantive due process rights in violation of the Fifth Amendment. Id. at 11-12. Second, he contends that "detaining [him] when he has deferred action and revoking [his OSUP] without

3

providing notice and a meaningful opportunity to respond violated [his] procedural due process [rights] under the Fifth Amendment to the U.S. Constitution." Id. at 12-14. Third, he raises a violation of the Administrative Procedures Act, arguing that his "detention and revocation should be held unlawful and set aside because it was contrary to the agency's constitutional power and not in accordance with the [Immigration and Nationality Act] and implementing regulations." Id. at 15. As relief, Shahla requests that the Court enjoin Respondents from removing or transferring Shahla outside the jurisdiction of this Court and the United States pending adjudication of the Petition; declare his detention to be unlawful; order his immediate release; award costs and reasonable attorney's fees; and order any other just and proper relief. Id. at 16-17.

Along with the Petition, Shahla filed an Emergency Motion for Temporary Restraining Order and Stay of Removal (Docs. 3, 7; Motion). He seeks a temporary restraining order enjoining and restraining Respondents from "[r]emoving or deporting [Shahla] from the United States while these proceedings are pending" and from "transferring [Shahla] from the Baker County Detention Center to any other facility or place during the pendency of these proceedings." Id. at 2-3.

The Court recognizes that its jurisdiction over immigration claims is limited. See 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any

4

cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). But Shahla's Petition presents serious and complex questions of law, and this Court "always has jurisdiction to determine its own jurisdiction." Brownback v. King, 592 U.S. 209, 218-19 (2021). Moreover, other district courts have exercised jurisdiction over similar claims as those presented here. See Espinoza-Sorto v. Agudelo, No. 1:25-CV-23201-GAYLES, 2025 WL 3012786, at *5 (S.D. Fla. Oct. 28, 2025) (finding the court "does have jurisdiction to review whether [r]espondents can legally detain and remove an alien with deferred action status"); Sepulveda Ayala v. Bondi, No. 2:25-CV-01063-JNW-TLF, 2025 WL 2084400, at *5 (W.D. Wash. July 24, 2025) ("Because [the petitioner's] claims arise from the Government's grant of deferred action rather than from execution of his removal order, Section 1252(g) does not strip this [c]ourt of jurisdiction."); F.R.P. v. WAMSLEY, No. 3:25-CV-01917-AN, 2025 WL 3037858, at *5-6 (D. Or. Oct. 30, 2025) (summarizing similar cases).[1] But see Velasco Gomez v. Scott, No. C25-0522JLR-BAT, 2025 WL 1726465, at *4 (W.D. Wash. June 20,

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

2025) (initially granting a stay of removal and relocation but ultimately denying petition on jurisdictional grounds).

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Georgia, 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

A request for a temporary restraining order must comply with Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and Local Rule 6.01 of the United States District Court, Middle District of Florida (Local Rule(s)). The

Court may "issue a temporary restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Similarly, Local Rule 6.01(a) requires that a motion for temporary restraining order include, among other things: "specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief," "a precise description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," "a supporting legal memorandum," and "a proposed order." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
>
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
>
> (3) the harm that might result absent a restraining order, and
>
> (4) the nature and extent of any public interest affected.

Considering the allegations in the Motion and Petition, the Court finds that Shahla has met his burden of showing a temporary restraining order is warranted. Indeed, he raises serious questions regarding ICE's authority to detain him and effectuate his removal given his deferred action status, and in light of the cited caselaw, he has shown a substantial likelihood of success on the merits. If ICE's immediate detention is unlawful or ICE improperly removes Shahla from the United States, the harm to Shahla is immediate and irreparable and potentially forecloses any recourse. Moreover, the public interest also favors ensuring Respondents do not detain or deport individuals without a legal basis for doing so. The exigency of Shahla's potential unlawful detention and removal necessitates entry of this temporary restraining order without notice to Respondents. And because there is no realistic likelihood of prejudice to Respondents from the issuance of this brief restraint, the Court exercises its discretion to dispense with the requirement that Shahla provide security under Rule 65(c). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

In order to provide the parties and the Court an opportunity to consider briefing on the question of whether it has jurisdiction, and if so, adjudicate the claims in the Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d

426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). In doing so, the Court makes no findings with respect to the ultimate merits of Shahla's claims.

Accordingly, it is

**ORDERED**:

1. The Emergency Motion for Temporary Restraining Order and Stay of Removal (Docs. 3, 7) is **GRANTED to the extent** that Respondents are enjoined from removing Shahla from the Jacksonville Division of the Middle District of Florida until **December 4, 2025**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived.

2. The **Clerk of Court** shall send a copy of the Petition (Doc. 2) and this Order by **mail and e-mail** to the United States Attorney for the Middle District of Florida at the addresses provided below; and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Sheriff Scotty Rhoden, 1 Sheriff's Office Drive, Macclenny, FL 32063. All costs of service shall be advanced by the United States.

3.  Counsel for Respondents shall file a notice of appearance by **November 24, 2025**.

4.  The Court will conduct a status conference on **November 24, 2025, at 3:30 p.m.** to discuss a briefing schedule.[2] The hearing will be held by video teleconferencing using Zoom. The Courtroom Deputy Clerk will separately send participants an Outlook invitation with the link, meeting ID, and password.

Participants should dress in appropriate court attire and appear in front of an appropriate professional background. All persons are hereby reminded that pursuant to Local Rule 5.01, United States District Court, Middle District of Florida, "[n]o one may broadcast, televise, record, or photograph a judicial proceeding, including a proceeding by telephone or video." Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**DONE AND ORDERED** at Jacksonville, Florida, at 4:44 p.m. on November 19th, 2025.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

[2] Petitioner's presence is not required.

JAX-3 11/19
c:
Counsel of Record

United States Attorney for the Middle District of Florida
300 N. Hogan Street
Suite 700
Jacksonville, FL 32202
USMFLM.JAX.Civil.NewCases@usdoj.gov